FILED
U.S. DISTRICT COURT

2007 JUL -5  A 9: 59

# In the United States District Court
# for the District of Utah, Central Division

DISTRICT OF UTAH

BY: _____
      DEPUTY CLERK

| | |
|---|---|
| LUCY SEGURA<br><br>Plaintiff,<br><br>vs.<br><br>GRANITE CONSTRUCTION CO.<br><br>Defendant. | **MEMORANDUM**<br><br>Case No. 2:06-CV-1043-JTG |

      In the case before the Court plaintiff alleges claims of age discrimination and sex discrimination, as well as claims of retaliation with regard to both charges.

      Defendant filed a motion to dismiss the sex discrimination claim as well as the retaliation claims. Defendant's motion was argued before the court, after which the sex discrimination claim was dismissed and the retaliation claim alleged to be connected with the age discrimination claim was taken under advisement. The age discrimination claim was not before the court on the motion to dismiss.

      After due consideration, the court denies defendant's motion to dismiss the said retaliation claim. The court rules that the record supports retention of the retaliation claim because it is integrally connected with the age discrimination claim as a matter of law.

      Plaintiff determined to stand on the factual sufficiency of her claim of retaliation after the EEOC issued a right to sue letter, and the defendant refused to participate in a settlement

conference before the Utah Anti Discrimination agency. The court agrees that the facts as alleged are sufficient to support plaintiff's retaliation claim because it is encompassed within and closely associated with her age discrimination claim. The court rules that plaintiff's assertions of retaliation are reasonably related to her allegations of age discrimination. Accordingly, plaintiff did not fail to exhaust her administrative remedies as to her retaliation claim which was sufficiently pleaded because the said retaliation claim is significantly connected with and virtually embraced within plaintiff's age discrimination claim.

**Factual Background**

Lucy Segura began work at Granite Construction Company on April 8, 2005. She was hired as an oiler and assigned to work with another employee. Shortly after employment commenced, Ms. Segura claimed that she was subjected to derogatory verbal communications regarding her age by her supervisor and the fellow employee she was assigned to work with. Ms. Segura further alleged that her supervisor yelled and screamed at her about not fitting into the organization because of her age, and that the fellow employee remarked that she reminded him of his mother. Ms. Segura claimed that when she approached management and complained about the aforesaid conduct, nothing was done to remedy the situation and she continued to be subjected to the aforesaid verbal abuse, which created a hostile work environment. She further claimed that she complained to management that she was being discriminated against because of her age. Again, no response was forthcoming by management. Following her complaints to management and the lack of response, Ms. Segura was terminated on April 22, 2005 because of some policy she had supposedly violated. Ms. Segura claims that the reasons given for her termination were pretextual.

Ms. Segura filed a charge with the UALD/EEOC regarding her claims of age discrimination. Upon receiving a right-to-sue letter from the EEOC, she filed a complaint with this Court alleging age and sex discrimination, and retaliation. The Defendant filed a motion to dismiss the claims based on failure to exhaust administrative remedies with regard to the sex discrimination claim and the retaliation claims.

### Standard of Review

The Tenth Circuit has set forth the following standard concerning motions to dismiss: "[t]he court's function is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). Moreover, "Allegations in the plaintiff's complaint are presumed true. The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief." *Id.* (citations omitted).

### Retaliation Claim associated with Age Discrimination Claim

Concerning claims for retaliation which are not set forth or mentioned in an EEOC right to sue letter, when such retaliation is substantially related to a discrimination claim, and the fact base for each claim is the same, the retaliation claim need not be specifically pleaded. *Bennally v. Kennecott Utah Copper Corp.*, 2007 U.S.Dist. LEXIS 26631 (D.Utah 2007). However, a claim not specifically asserted must be so reasonably related to an asserted claim that it would be found in the investigation of the claimed charges. *Mitchell v. City and*

3

*county of Denver*, 112 Fed. Appx. 662 (10th Circ. 2004), (quoting *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). Further, "A claim is considered "reasonably related" when "the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made. *Id.* at 667 (quoting *Deravin v. Kerik*, 335 F.3d 195 (2nd Cir. 2003). In Deravin, the Second Circuit further stated:

> "In determining whether claims are reasonably related, the focus should be "on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving."

*Deravin v. Kerik*, 335 F.3d 195, 201 (2nd Cir. 2003), (citing *Freeman v. Oakland Unified Sch. Dist.*, 291, F.3d 637 (9th Cir.2002); see also *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F.Supp.2d 455, 458 (S.D.N.Y. 1998) ("It is the substance of the charge and not its label that controls.").

In Mitchell, the court looked to the language of the charge itself, and held that where the plaintiff had made no mention of hostile work environment or racial harassment in his failure to promote charge, the charge was not reasonably related. Id. at 667-668. Applying that rationale to this case, and reading the "Particulars" section of the EEOC charge, it is evident that where plaintiff states, "When I complained to management about the unfair treatment, nothing was done to correct the problem and I was terminated from my position on or about April 22, 2005," an administrative investigation would reasonably lead to the discovery of the retaliation claim.

## Exhaustion of Administrative Remedies

Although exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII, the Tenth Circuit has said, "when an employee seeks judicial relief for

4

incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." *Zinke v. Slater*, 34 Fed. Appx 667, 672 (10th Cir. 2002), (citing *Jones v. Runyon*, 91 F.3d 1398 (10th Cir. 1998).

In the case at bar, the plaintiff left the box for retaliation blank and made no mention of retaliation in the narrative portion of her EEOC complaint form. Failure to check the box creates a presumption that claims not so referenced were not intended to be asserted. However, such a presumption is rebutted when it is clear that a retaliation claim is reasonably related to another charge of discrimination- such as in the instant case to an age discrimination claim. Where that is the case, the claim should not be dismissed for lack of jurisdiction.

In the case before the court, both charges arise from the same base of alleged facts, including derogatory comments about the plaintiff's age made to her in the workplace, her supervisor yelling and screaming at her, reports made by plaintiff to management about the alleged conduct with no result, no response by management to her complaints, and her termination. Facts surrounding plaintiff's retaliation claim would be discovered in any investigation of her age discrimination claim. Thus, plaintiff's retaliation claim is "encompassed" within her age discrimination claim.

For the reasons set forth above, this court concludes that plaintiff's retaliation claim survives defendant's Motion to Dismiss even though not specifically pleaded. Further, this court concludes that plaintiff has exhausted her administrative remedies with regard to her said retaliation claim. In this case, such factual disputes must be determined by the jury.

For the foregoing reasons, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss with regard to Plaintiff's retaliation claim is DENIED.

DATED this 3 rd day of July, 2007.

J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE